**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SANDRA MARTINEZ TAHUAL
        Plaintiff,

    v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

    5900 Capital Gateway Drive
    Mail Stop 2120
    Camp Springs, MD 20588-0009

        Defendant.

Case No. 26-cv-1581

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**INTRODUCTION**

1. Plaintiff Sandra Martinez Tahual brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, to compel Defendant U.S. Citizenship and Immigration Services (USCIS) to immediately release the records contained in her immigration case file, known by USCIS as an Alien File or A-File.

2. USCIS is a component of the U.S. Department of Homeland Security ("DHS") and has custody of the vast majority of individuals' A-File records, including those records sought by Plaintiff.

3. A-Files contain critical information regarding a noncitizen's eligibility to apply for an immigration status or benefit as well as information often necessary to their representation in removal proceedings. Submitting a FOIA to USCIS for the A-File is one of the sole, if not only, means of obtaining these critical records.

4. In 2020, the Northern District of California issued a permanent injunction for a nationwide class of individuals and their attorneys ordering the USCIS and DHS to cease violating FOIA's

1

deadlines for adjudicating requests for A-Files, to eliminate USCIS's backlogs, and to provide quarterly compliance reports to the court and class counsel. See *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F.Supp. 3d 1193 (N.D. Cal. 2020). USCIS admitted that it had not complied with FOIA's deadlines regarding A-Files for at least eight years. *Id*. at 1196

5.      This noncompliance has real-life consequences. Defendant serves as the custodian of A-Files and adjudicates applications for immigration benefits. Its delay in processing A-File FOIA requests deprives requesters of the information they need to defend against removal, to obtain benefits, and to gain citizenship. It undermines the fairness of immigration proceedings, particularly for the vast number of noncitizens who navigate our immigration system without the assistance of counsel. *Id*.

6.      Elsewhere, the Court discussed the necessity of noncitizens' access to A-Files, which "include critical information about past interactions between individuals and DHS; records of prior entries, admissions, or removal orders; records of past statements; and records of past applications filed by the noncitizen or on the noncitizen's behalf." *Id*. at 1198.

7.      The Court also found that "there is no adequate substitute for the information contained in an A-File and FOIA is the primary, if not the only, mechanism for accessing A-Files." *Id*. at 1199.

8.      On December 19, 2025, plaintiff's counsel in *Nightingale* filed a whistleblower report brought to light USCIS's violations of FOIA, the regulations, and *Nightingale*'s Court Order.[1]  The Whistleblower Disclosure illuminates efforts by the agency leadership to "manufacture compliance" with the court's order in *Nightingale*.

9.      The report details USCIS's multiple rounds of policy changes that "result in closing requests prematurely for reasons not permitted by statute . . . ." *See id*. at 5. This included policies

---

[1] *See Nightingale v. U.S. Citizenship and Immigration Services*, 3:19-cv-03512, ECF No. 193, 193-1 (N.D. Cal. Dec 19, 2025).

instructing USCIS staff to close requests from Cuban nationals as "no records,"; "redacting entire forms from immigration A-files citing (b)(6) and (b)(7) privacy and law enforcement exemptions, even though the withheld information was initially provided to DHS by the noncitizen"; withholding any correspondence "that is not directly to or from the requester, even correspondence sent by or their attorney from USCIS"; "inappropriately designat[ing] certain documents certain documents as 'out of scope,'" including documents provided by the noncitizen in the language of their country of origin; and redacting documents such as joint tax returns, utility bills, marriages/divorce certificates, or marked as "out of scope." *See id*. at 5-6.

10.     The Whistleblower Report also disclosed that Management at USCIS "sent emails demonstrating their motive to find ways to maximize case closure as a means to reduce the FOIA backlog." *See id*. at 6. One email from a supervisor on the FOIA policy team stated, "[h]ere's a way to close 99% of FOIA requests as failure to comply," citing a 2022 regulatory change that was never implemented on USCIS's FOIA request form, thereby making compliance with the regulation impossible. *Id*. at 6-7.

11.     Plaintiff therefore seeks declaratory and injunctive relief to end USCIS's unlawful practices.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

13.     Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B), which expressly authorizes suit in the United States District Court for the District of Columbia. Venue is proper regardless of Plaintiff's place of residence or the location of the requested records.

**PARTIES**

14.     Plaintiff Sandra Martinez Tahual resides in Hanahan, South Carolina. She filed an A-File FOIA Request with USCIS on July 28, 2025, and again on September 8, 2025.

15.     Defendant USCIS is a component agency of the Department of Homeland Security and, among other duties, is the federal agency responsible for maintaining A-Files. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks. Defendant is charged with the duty to provide public access to such records consistent with the requirements of FOIA. USCIS maintains its headquarters at 5900 Capital Gateway Drive, Camp Springs, Maryland 20588, and operates within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

**Plaintiff's FOIA Request to Defendant USCIS**

16.     On July 28, 2025, Plaintiff submitted an initial FOIA Request to Defendant through FOIA FIRST, USCIS's online web portal. The request sought the entire contents of Plaintiff's A-File. *See* Exhibit A (FOIA Request).

17.     On July 30, 2025, Defendant responded to Plaintiff's initial FOIA Request stating that no records responsive to the request were located. *See* Exhibit B (Defendant Response — No Records Located).

18.     On September 8, 2025, Plaintiff submitted a second FOIA Request to Defendant seeking the same records. Defendant acknowledged receipt of the second FOIA Request on September 10, 2025. *See* Exhibit C (FOIA Request Receipt Notice).

19.     Defendant acknowledged receipt of the second FOIA Request by sending an acknowledgment letter on September 10, 2025. *See* Exhibit C (FOIA Request Receipt Notice). Defendant produced records on November 26, 2025.

4

20. On November 26, 2025, Defendant responded to the second FOIA Request. Defendant produced 42 pages of records in full and 93 pages in part and withheld 165 pages in full. *See* Exhibit D (FOIA Partial Record Release). Defendant applied the 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(E) exemptions to the withheld records.

21. On February 10, 2026, Plaintiff filed an administrative appeal to which Defendant has failed to timely respond. Plaintiff has therefore constructively exhausted her administrative remedies.

22. Despite its statutory obligation to do so, Defendant has failed to produce all non-exempt records responsive to the FOIA Request and has failed to produce all segregable information contained in the records responsive to the FOIA Request.

23. Plaintiff Sandra Martinez Tahual has a pending immigration matter directly dependent on the withheld records. Plaintiff is the parent of a United States citizen child and filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS on August 18, 2025. *See* Exhibit E (I-485 Receipt Notice dated August 19, 2025).

24. On September 2, 2025, USCIS issued a Request for Evidence requiring proof of Plaintiff's lawful admission into the United States. *See* Exhibit F (RFE Notice dated September 2, 2025). The partially disclosed records Defendant produced include USCIS's own internal ELIS data reflecting that Plaintiff was admitted on July 18, 2001, under a B-2 nonimmigrant visa—evidence directly responsive to the RFE that Defendant failed to produce in full.

25. On January 12, 2026, USCIS denied Plaintiff's I-485, citing insufficient evidence of lawful admission. *See* Exhibit G (Denial Notice dated January 12, 2026). The 165 pages withheld in full are reasonably likely to contain CBP and legacy INS arrival records, I-94 documentation, and other evidence of Plaintiff's B-2 admission — the precise documentation USCIS cited as lacking.

Plaintiff has thirty days to appeal the denial and cannot meaningfully do so without the withheld records.

26. On February 10, 2026, Plaintiff filed an administrative appeal with the USCIS FOIA/PA Appeals Office challenging the withholding. *See* Exhibit H (Administrative Appeal dated February 10, 2026). The Appeals Office has not acknowledged receipt

27. The USCIS FOIA/PA Appeals Office did not respond to the administrative appeal within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(ii). As of the filing of this Complaint, approximately 50 business days have elapsed since the filing of the administrative appeal, and Plaintiff has exhausted all administrative remedies.

28. Accordingly, Plaintiff is entitled to a judgment declaring that Defendant has violated FOIA and ordering Defendant to promptly produce all non-exempt records responsive to the FOIA Request and promptly produce all segregable non-exempt information from the records responsive to the FOIA Request.

### CLAIMS FOR RELIEF
### COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552(a)(8)(A)(i), (b)
### Improper Withholding of Records

29. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

30. Defendant is obligated to release records requested under FOIA unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i).

31. If Defendant determines that it will not comply with a request for a record, it must provide a lawful reason for withholding any responsive records. *See, e.g.*, 5 U.S.C. § 552(a)(6)(A)(i)(I).

32. Defendant has withheld 93 pages of responsive records in part and 165 pages in full pursuant to FOIA exemptions 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(E).

33.     Defendant has improperly applied FOIA exemptions (b)(6), (b)(7)(C), and (b)(7)(E) found in § 552(b).

34.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's withholding of the records in whole or in part.

35.     Defendant's failure to release all non-exempt records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(i) and (b), as well as the regulations promulgated thereunder.

**COUNT TWO**
**Violation of FOIA, 5 U.S.C. § 552(a)(8)(A)(ii), (b)**
**Failure to Produce Segregable Information**

36.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

37.     Defendant is obligated to release "[a]ny reasonably segregable portion of a record . . . after deletion of the portions which are exempt under [5 U.S.C. § 552(b)]." 5 U.S.C. § 552(b). In responding to FOIA requests, the agency must "consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible" and also "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii).

38.     Upon information and belief, Defendant failed to reasonably segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA Request.

39.     Plaintiff has a legal right to obtain such segregable information, and no legal basis exists for Defendant to withhold it.

40.     Defendant's failure to release all segregable information in records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(ii) and (b), as well as the regulations promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      Assume jurisdiction over this action;

b.      Declare unlawful Defendant's failure to disclose the records requested by

Plaintiff;

c.      Order Defendant to expeditiously process and disclose all responsive, nonexempt

records or portions of records and to produce indexes justifying the withholding of

any responsive records withheld under a claim of exemption;

d.      Enjoin Defendant from improperly withholding requested records;

f.      Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. §

552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision

of law; and

g.      Grant such other relief as the Court may deem just, equitable, and appropriate.


Date:   May 8, 2026                              Respectfully submitted,

                                                 By: /s/ Daniel Melo
                                                 Daniel Melo
                                                 The Melo Law Firm
                                                 NC Bar # 48654
                                                 2920 Forestville Road, Ste 100
                                                 PMB 1192
                                                 Raleigh, NC 27616
                                                 Tel: (919) 348-9213
                                                 dan@themelolawfirm.com

                                                 */s/Jorge E Munoz Leguizamo*
                                                 Jorge E. Munoz Leguizamo
                                                 *Pro Hac Vice Forthcoming*
                                                 Texas Bar No. 24134374
                                                 2100 W Loop S Ste 1125,
                                                 Houston, TX 77027
                                                 Tel: 346-576-5000


8

9

Fax: 1800-786-3724
Email: jorge@jmimlaw.com
*Pro Hac Vice*