UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA MARTINEZ TAHUAL,

     Plaintiff,

    v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

     Defendant.

Civil Action No. 26-1581 (RBW)

## ANSWER

Defendant U.S. Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, hereby responds to Plaintiff Sandra Martinez Tahual's Complaint under the Freedom of Information Act ("FOIA") as follows. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. Defendant answers in like-numbered paragraphs as follows:

\*     \*     \*

**INTRODUCTION**[1]

1.     This introductory paragraph contains Plaintiff's characterization of this action, to which no response is required.  If a response is required, Defendant denies the allegations of this paragraph, including any implication that Plaintiff is entitled to the requested relief.

2.     Defendant admits only that USCIS is a component of the U.S. Department of Homeland Security and has custody of certain Alien Registration Files, including Plaintiff's. Defendant denies the remaining allegations of this paragraph.

3.     Defendant admits only that Alien Registration Files contain case records related to the subject of the file.  Defendant denies the remaining allegations of this paragraph.

4.     Defendant admits that a District Judge in the Northern District of California issued an order reported at 507 F. Supp. 2d 1193 in the case captioned *Nightingale v. U.S. Citizenship and Immigration Services*.  Defendant respectfully refers the Court to the cited order as the best evidence of its contents and denies any allegations inconsistent therewith.

5.     Defendant admits that a District Judge in the Northern District of California issued an order reported at 507 F. Supp. 2d 1193 in the case captioned *Nightingale v. U.S. Citizenship and Immigration Services*.  Defendant respectfully refers the Court to the cited order as the best evidence of its contents and denies any allegations inconsistent therewith.

6.     Defendant admits that a District Judge in the Northern District of California issued an order reported at 507 F. Supp. 2d 1193 in the case captioned *Nightingale v. U.S. Citizenship and Immigration Services*.  Defendant respectfully refers the Court to the cited order as the best evidence of its contents and denies any allegations inconsistent therewith.

---

[1]     For ease of reference, Defendants reproduce here the headings contained in the Complaint. To the extent these headings could be construed to contain factual allegations, those allegations are denied.

7. Defendant admits that a District Judge in the Northern District of California issued an order reported at 507 F. Supp. 2d 1193 in the case captioned *Nightingale v. U.S. Citizenship and Immigration Services*. Defendant respectfully refers the Court to the cited order as the best evidence of its contents and denies any allegations inconsistent therewith.

8. Defendant admits that plaintiff's counsel in *Nightingale v. U.S. Citizenship and Immigration Services* (N.D. Cal. No. 3:19-cv-03512) made a filing in that case docketed as ECF No. 193. Defendant respectfully refers the Court to the cited filing as the best evidence of its contents and denies any allegations inconsistent therewith.

9. Defendant admits that plaintiff's counsel in *Nightingale v. U.S. Citizenship and Immigration Services* (N.D. Cal. No. 3:19-cv-03512) made a filing in that case docketed as ECF No. 193. Defendant respectfully refers the Court to the cited filing as the best evidence of its contents and denies any allegations inconsistent therewith.

10. Defendant admits that plaintiff's counsel in *Nightingale v. U.S. Citizenship and Immigration Services* (N.D. Cal. No. 3:19-cv-03512) made a filing in that case docketed as ECF No. 193. Defendant respectfully refers the Court to the cited filing as the best evidence of its contents and denies any allegations inconsistent therewith.

11. This paragraph contains Plaintiff's characterization of this action, to which no response is required. If a response is required, Defendant denies the allegations of this paragraph, including any implication that Plaintiff is entitled to the requested relief.

**JURISDICTION AND VENUE**

12. This paragraph consists of Plaintiff's legal conclusion regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits

that jurisdiction is proper in this judicial district subject to the terms, conditions, and limitations of the FOIA.

13.    This paragraph consists of Plaintiff's legal conclusion regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA.

**PARTIES**

14.    Defendant admits only that Plaintiff submitted requests to USCIS on July 28, 2025 and September 8, 2025.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15.    Defendant admits that USICS is a component of DHS that is subject to FOIA,  and that USCIS is headquartered in Camp Springs, Maryland.  The remainder of the allegations in this paragraph constitute legal conclusions to which no response is required.

**FACTUAL ALLEGATIONS**

16.    Defendant admits that Plaintiff submitted a FOIA request to USCIS on July 28, 2025.  Defendant respectfully refers the Court to the cited request as the best evidence of its contents and denies any allegations consistent therewith.

17.    Defendant admits that it issued a no records response to Plaintiff's July 28, 2025 request.  Defendant respectfully refers the Court to the cited response as the best evidence of its contents and denies any allegations consistent therewith.

18.    Defendant admits that Plaintiff submitted a FOIA request to USCIS on September 8, 2025, which was acknowledged by Defendant on September 10, 2025.  Defendant respectfully refers the Court to the cited documents as the best evidence of their contents and denies any allegations consistent therewith.

19.     Defendant admits that it acknowledged Plaintiff's request on September 10, 2025, and produced records on November 26, 2025.  Defendant respectfully refers the Court to the acknowledgment letter and final action letter of November 26, 2026 as the best evidence of their contents, and denies any allegations inconsistent therewith.

20.     Defendant admits that it responded to Plaintiff's request on November 26, 2025. Defendant respectfully refers the Court to the referenced final action letter and produced records as the best evidence of their contents, and denies any allegation inconsistent therewith.

21.     Defendant admits only that Plaintiff appealed USCIS's determination on February 10, 2026.  The remaining allegations of this paragraph constitute legal conclusions to which no response is required; if a response is deemed required, Defendant denies the allegations.

22.     This paragraph constitutes legal conclusions to which no response is required.  If a response is required, Defendant denies the allegations.

23.     Defendant admits that Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS on August 18, 2025.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24.     Defendant admits that USCIS issued a Request for Evidence to Plaintiff on September 2, 2025.  Defendant respectfully refers the Court to the referenced request and the produced documents as the best evidence of their contents and denies any allegation inconsistent therewith.

25.     Defendant admits that USCIS denied Plaintiff's I-485 in a notice dated January 12, 2026.  Defendant respectfully refers the Court to the referenced notice as the best evidence of their contents and denies any allegation inconsistent therewith.

26.     Defendant admits that Plaintiff appealed USCIS's determination on February 10, 2026.  Defendant respectfully refers the Court to the cited appeal letter as the best evidence of its contents and denies any allegation inconsistent therewith.  Defendant further admits that, as of the date the Complaint was filed, it had not acknowledged receipt of Plaintiff's appeal.

27.     Defendant admits that USCIS did not respond to the cited administrative appeal within 20 business days.  The remaining allegations of this complaint state legal conclusions, to which no response is required.

28.     This paragraph constitutes legal conclusions to which no response is required.  If a response is required, Defendant denies the allegations of this paragraph.

## CLAIMS FOR RELIEF

### COUNT ONE

29.     Defendant incorporates by reference its answers to the preceding paragraphs of the Complaint.

30.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations inconsistent with its plain text.

31.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA as the best evidence of its contents and denies any allegations inconsistent with its plain text.

32.     Defendant denies the allegations in this paragraph.

33.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

34.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

35.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

## COUNT TWO

36.     Defendant incorporates by reference its answers to the preceding paragraphs of the Complaint.

37.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA  as the best evidence of its contents and denies any allegations inconsistent with its plain text.

38.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

39.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

40.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint set forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendant respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint

become known to Defendant through the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

### THIRD DEFENSE

One or more of the FOIA requests, or subparts thereto, are not valid requests because they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process.  The request, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by FOIA.

### FOURTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

### SIXTH DEFENSE

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

Dated:  June 22, 2026
         Washington, DC

                              Respectfully submitted,

                              JEANINE FERRIS PIRRO
                              United States Attorney

                              By:    /s/ Andrew J. Vaden
                                  ANDREW J. VADEN
                                  Assistant United States Attorney
                                  D.C. Bar #1044860
                                  601 D Street, NW
                                  Washington, DC 20530
                                  (202) 252-2437

                              *Attorneys for the United States of America*